UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DONNELL L. BAKER,

    Plaintiff,

v.                                           Case No:   6:12-cv-1645-Orl-28TBS

SY'S SUPERMARKET, INC. and SY
TRABULSY,

    Defendants.

## REPORT AND RECOMMENDATION

Pending before the Court is the Parties' Joint Motion for Approval of Settlement Agreement and For Dismissal with Prejudice (Doc. 39) and Renewed Joint Motion for Approval of Settlement Agreement and for Dismissal with Prejudice (Doc. 43). The settlement resolves all of Plaintiff's claims against Defendants under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.   I have examined the motions and the Settlement Agreement and for the following reasons respectfully recommend the Court **DENY** the original motion (Doc. 39) as moot and **GRANT** the renewed motion (Doc. 43).

    I.        **Background**

Plaintiff Donnell L. Baker filed this action against Defendants Sy's Supermarket, Inc. and Sy Trabulsy for unpaid overtime wages. (Doc. 1). Plaintiff worked for Defendants as a butcher from April 2008 to June 2012. Plaintiff claims that Defendants did not pay him overtime wages for all hours worked in excess of forty hours per week. In his answers to the Court's interrogatories, Plaintiff estimated that Defendants owed him at least $9,432 if a two-year statute of limitations applies.

Defendants admit that they employed Plaintiff, but deny any wrongdoing under the

FLSA. On December 11, 2013, the parties advised the Court that they had fully settled Plaintiff's claims by filing a motion to approve their settlement agreement. (Docs. 39). Plaintiff independently negotiated the settlement amount with Defendants without the assistance or presence of counsel for either party. The settlement agreement provides that Defendants will pay Plaintiff $375 in back pay, $375 in liquidated damages, and $3,250 in attorney fees for a total of $4,000. Neither party nor their counsel object to the settlement agreement as written.

I reviewed the motion and determined that I could not recommend it be granted because the parties' settlement agreement contained a confidentiality provision, a non-disparagement provision, and a pervasive release. (Doc. 40). I outlined my concerns and gave the parties until January 2, 2013 – later extended until January 20, 2014 – to revise their agreement. (Docs. 40, 42). On January 21, 2014, the parties filed their renewed motion which includes a revised settlement agreement. The revised agreement does not contain a confidentiality provision or a non-disparagement provision.   It does still contain a pervasive release, but Defendants have agreed to pay additional consideration for that release. (Doc. 43-1).

## II.    Discussion

The United States Court of Appeals for the Eleventh Circuit has explained that an FLSA claim can be settled and resolved in two ways. First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1353 (11th Cir. 1982). Second, an employee may settle and waive claims under the FLSA if the parties present to the district court a proposed settlement agreement, and the district court enters a judgment approving the

settlement. Lynn's Food Stores, Inc., 679 F.2d at 1353.

Before approving a settlement, the district court must scrutinize the agreement and determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. Id. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "to promote the policy of encouraging settlement of litigation." Id. at 1354. The nature of this lawsuit prompts the district court's review of the settlement agreement rather than an examination conducted by the Secretary of Labor. The policy behind the FLSA, what is and what is not permissible in the settlement of an FLSA claim, and the Court's role in determining the fairness of a compromise and settlement of an FLSA claim are discussed at length in Dees v. Hydrady, Inc., 706 F. Supp. 2d 1227 (M.D. Fla. 2010) and Moreno v. Regions Bank, 729 F. Supp. 2d 1346 (M.D. Fla. 2010). With these decisions in mind, I have reviewed the terms of the parties' renewed motion and agreement and have concluded the Court should grant the parties' renewed joint motion for approval of their revised settlement agreement.

To reach its decision, the Court must first decide whether the revised settlement agreement is fair and reasonable. If the Court finds that the revised agreement is fair, then it must consider whether the agreement otherwise "impermissibly frustrates implementation of the FLSA (factors "external" to the compromise). Dees, 706 F. Supp. 2d at 1241. Each party is represented by counsel, and neither party nor their counsel objects to the settlement agreement as written. See Nall v. Mal-Motels, Inc., 723 F.3d 1304 (11th Cir. 2013) (discussing a case wherein the parties came to an agreement without counsel, and Plaintiff's counsel subsequently objected). The parties and their attorneys all agree that the parties have made a "full and adequate disclosure of the

- 3 -

terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of [Plaintiffs'] claim." Dees, 706 F.3d at 1243. They also agree that this settlement is a fair and reasonable compromise.

The parties provide several reasons why the settlement amount is less than the amount Plaintiff claimed in his answers to the Court's interrogatories. First, Plaintiff recognizes that there is no documentary evidence to support his overtime claims. Next, he states that he has moved out of Florida, is unemployed, and can no longer afford to continue with the prosecution of this action, attend depositions, mediation, or trial. He recognizes that should the case proceed to trial he may not recover anything. I find these are adequate grounds to support the parties' compromise and that the monetary terms are fair and reasonable.

The revised settlement agreement still contains a pervasive release. "To the extent that the employee receives a full wage but relinquishes something else of value, the agreement . . . involves a 'compromise[.]'" Dees, 706 F. Supp. 2d at 1240. Such compromises are impermissible "side deals" which confer a partially offsetting benefit on the employer. Id. Consequently, an FLSA settlement that contains a pervasive release will typically not survive judicial scrutiny. See id.; Moreno, 729 F. Supp. 2d at 1352. Here, Defendants have agreed to pay Plaintiff an additional $10 and give him a reciprocal release as additional consideration for his release. While the additional monetary consideration is paltry, Plaintiff states that he knows of no other claims or causes of action he may have against Defendants and that he is aware that his release encompasses all potential claims, including unknown claims and causes of action. He also states that he believes any claim he could have against Defendants is of no value. Because Plaintiff will receive separate consideration for his release, he has confirmed

that he understands the effect of the release, and the release is mutual, I find that the Agreement does not confer an "uncompensated, unevaluated, and unfair benefit on the employer,"[1] and is a fair compromise. See Olvera v. Florida Aluminum and Steel, Inc., No. 2:10-cv-425-FtM-36DNF, 2011 WL 5525336 (M.D. Fla. Oct. 27, 2011) (approving mutual release); Knapp v. Riverglen Co., No. 3:10-cv-220-J-32JBT, 2011 WL 2433621 (M.D. Fla. Apr. 20, 2011) (same).

The parties represent that Defendant will pay Plaintiff's attorney fee of $3,250. Counsel were not present for the settlement negotiations and all parties agree that the amount paid to Plaintiff's lawyer does not reduce or affect the amount paid to Plaintiff. And, while the amount is less than what Plaintiff's lawyer says he is due for the work performed, he has agreed to accept it. This is sufficient to establish the reasonableness of the fee and that Plaintiff's recovery was not adversely affected by the amount of fees paid to his lawyer. See Bonetti v. Embarq Management Co., 715 F. Supp. 2d 1222 (M.D. Fla. 2009).

### III. Recommendation

Upon consideration of the foregoing, I find that the parties' proposed revised settlement agreement is a fair and reasonable resolution of a bona fide dispute and hereby **RESPECTFULLY RECOMMEND** that the Court:

1. **GRANT** the parties' Renewed Joint Motion for Approval of Settlement Agreement and for Dismissal with Prejudice (Doc. 43);

2. **DENY as MOOT** the parties' Joint Motion for Approval of Settlement Agreement and for Dismissal with Prejudice (Doc. 39);

---

[1] See Moreno, 729 F. Supp. 2d at 1351-52.

      3. **APPROVE** the parties' revised Settlement Agreement (Doc. 43-1);

      4. **TERMINATE** all other pending motions;

      5. **DISMISS** this action with prejudice; and

      6. **DIRECT** the Clerk to close the file.

Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. F<small>LA</small>. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on January 23, 2014.

                                                              THOMAS B. SMITH
                                                              United States Magistrate Judge

Copies furnished to:

      Presiding United States District Judge
      Counsel of Record